Case 4:24-cv-04687   Document 16   Filed on 05/14/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 14, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYAN COOPER, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 24-4687 |
| | § | |
| MESA IRREVOCABLE TRUST, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This case grows out of a grisly business. The plaintiff, Bryan Cooper, is a former employee of Consolidated Wealth Management. (Docket Entry No. 1 at ¶ 7). This company agreed with the Mesa Irrevocable Trust to have Mesa purchase an interest in the life insurance policy of someone referred to as "Harrelson." (*Id.* at ¶¶ 7–8). Essentially, Mesa bet that Harrelson would not live as long as expected. If he did outlive his expectancy, Mesa would continue to pay a share of the policy premiums until Harrelson finally died. (*Id.* at ¶ 8). When he did so, Mesa would get a refund of the premium payments it had made and a pro rate share of the policy death benefits. (*Id.*). Mesa would get a profit when Harrelson died—the issues were when and how much Mesa would have to pay in refundable premiums before that happened. (*Id.*). A happy business, indeed.

It gets worse. Cooper's job in this business was to make recommendations on the risks to Mesa in investing in the Harrelson Policy, and others. When Harrelson died, after he had been expected to do so, Mesa sued Cooper in Texas state court, alleging that he had not provided Mesa the information it needed to make an informed decision about whether to invest to try to make a profit on Harrelson's death. (*Id.* at ¶ 9). Mesa asserted claims for fraud, breach of fiduciary duty,

and violation of the Texas Securities Act. (*Id.*). Cooper won on summary judgment. (*Id.* at ¶ 10); *see* (Docket Entry No. 7-1).

Cooper alleges that Mesa's state court suit triggered indemnity obligations under the contracts it had entered in investing in life insurance contracts and life expectancies. (Docket Entry No. 1 at ¶ 10). Cooper seeks to recover the attorney's fees he has had to expend defending against Mesa's state court allegations. (*Id.* at ¶ 18). That state court litigation continues. Although Cooper won a summary judgment on the claims relating to the Harrelson Policy, that order did not include an award of Cooper's attorney's fees, and Cooper is appealing to the Houston Court of Appeals for the Fourteenth District. *See Mesa Irrevocable Trust, Justin Cox, Special Trustee v. Cooper*, No. 14-25-00024-CV (Tex. App.—Houston [14th Dist.], filed Jan. 10, 2025).

While this mess of a litigation proceeds in the state courts, Cooper sues in this court seeking an award of the attorney's fees he was denied in the Harris County litigation.

At a minimum, this litigation should be handled in the Texas state courts, where it is pending. This court abstains to avoid parallel, duplicative litigation. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817–19 (1976); *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000). The state court litigation was filed first, approximately three years ago, and has proceeded all the way through summary judgment and to the appellate court. The parties to the state court cases have been, and are, litigating whether Cooper is entitled to his attorney's fees arising out of the Harrelson Policy claims. There is no federal question. Cooper's asserted right to attorney's fees is adequately protected in the state court proceedings. There is inconvenience in forcing the Mesa Trust and U.S. Bank Trust, as Trustee, to litigate against Cooper in federal court while Cooper and the Special Trustee, on behalf of the Mesa Trust, continue to litigate the same Harrelson Policy claims and Cooper's fee request

in the state courts. Allowing the federal court case to proceed would result in piecemeal litigation and the risk of inconsistent results and grave inefficiencies.

Cooper claims that this suit is not sufficiently similar to his claims in the state court litigation. He does not dispute that he has requested his attorney's fees for the Harrelson Policy claims in the state court. He quarrels with the legal basis he has asserted in the state court to recover those fees. But the parties, the issues, and the facts out of which the claims arise substantially overlap in both fora, and the relief Cooper seeks is the same. *Cf. LAC Real Est. Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 F. App'x 267, 270 (5th Cir. 2009) (state and federal court proceedings were parallel when the issues "clearly overlap[ped]" and all the parties in the federal case were named in at least one of the state cases). The balance of the *Colorado River* factors favors this court's abstention from proceeding in this action. This case is dismissed, without prejudice.

SIGNED on May 14, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge